WIGGINTON, Judge
(concurring specially) .
I fully concur in the majority opinion authored by Judge Carroll. In addition to the facts related therein, the record reveals that the contract for the construction of the highway over the lands involved in this proceeding was let many months prior to the institution of this eminent domain action. The contract required the contractor to furnish fill material for use in connection with the construction of the highway. Under the terms of the contract the contractor would either furnish fill material procured by him from independent sources, or could purchase the amount necessary to fill his needs from the petitioner, State of Florida Department of Transportation, at a stipulated per-cubic-yard price. The fill material to be sold by the petitioner would come from the borrow pit sought to be acquired in this proceeding. I think it eminently unfair for the petitioner to insist it has a right to condemn appellees’ lands containing fill material suitable for road construction purposes and pay for such acquisition the value of the land based upon the value of timberlands in that area, and then sell the fill material so condemned to its contractor based upon the going commercial price of fill material in that area. It was the letting of the contract by the petitioner which created a market for the fill material located on appellees’ lands, and not the acquisition of such lands by this eminent domain proceeding. The highest and best use of appellees’ lands at the time this action was commenced was for borrow pit purposes from which fill material could be taken for use in the construction of the highway. Under these circumstances appellees’ proof of value was not confined to timberland values alone as contended by petitioner.